UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| AIR AND SEA COMPOSITES, INC., JAMES W. CONACHEN and BEVERLY J. CONACHEN,<br><br>Plaintiffs,<br><br>vs.<br><br>BOUNDARY COUNTY, BOUNDARY COUNTY COMMISSIONERS, DAN DINNING, RON SMITH, WALT KIRBY, in their individual and official capacities; BOUNDARY COUNTY SHERIFF'S DEPARTMENT, BOUNDARY COUNTY SHERIFF GREG SPRUNGL, in his individual and official capacity and SHERIFF'S DEPUTY DONALD VAN METER, in his individual and official capacity and JOHN DOES 1-100 and JANE DOES 1-100,<br><br>Defendants. | Case No.: CV 09-00047-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO COMPEL DISCOVERY AND TO IMPOSE SANCTIONS**<br><br>**(Docket No. 17)** |

Currently pending before the Court is Defendants' Motion to Compel Discovery and to Impose Sanctions (Docket No. 17). Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

BACKGROUND

On October 5, 2009, Defendants moved this Court for an Order compelling Plaintiffs to answer Defendants' First Set of Interrogatories and Request for Production of Documents. *See* Mot. to Compel, p. 1 (Docket No. 17). Four days later, on October 9, 2009, Plaintiffs' attorney,

**MEMORANDUM DECISION AND ORDER - 1**

Larry D. Purviance, moved to withdraw, claiming that he and his clients "have reached irreconcilable differences." *See* Mot. to Withdraw, p. 2 (Docket No. 18). On October 13, 2009, this Court granted Mr. Purviance's Motion to Withdraw, while postponing Plaintiffs' response to Defendants' Motion to Compel until November 24, 2009. *See* 10/13/09 MDO (Docket No. 19). Later that day, Plaintiffs' current attorney, Darwin L. Overson, made an appearance on Plaintiffs' behalf. *See* Not. of Appearance (Docket No. 20).[1]

Following an extension, on December 11, 2009, Plaintiffs opposed Defendants' Motion to Compel, arguing solely against the application of any sanctions upon Plaintiffs themselves. *See* Opp. to Mot. to Compel, p. 5 (Docket No. 26) ("Plaintiffs take the position that if this Court imposes sanctions, those sanctions should be leveled against Mr. Purviance and not against the Plaintiffs or their current attorney. Since receiving copies of the Defendants' [M]otion to [C]ompel and for sanctions, the Plaintiffs have complied with their obligations to cooperate in

---

[1] On October 16, Plaintiffs opposed Mr. Purviance's Motion to Withdraw, arguing that:

> Mr. Purviance's Motion to Withdraw should be denied contingent upon the resolution of the Defendants' Motion to Compel and to Impose Sanctions because Mr. Purviance may be subject to sanctions in this case under 28 U.S.C.A. § 1927 for unnecessarily and vexatiously multiplying the costs and time necessary to litigate this case and for unethical conduct, including but not limited to abusive discovery tactics.

*See* Opp. to Mot. to Withdraw, p. 4 (Docket No. 21). On October 20, 2009, this Court reiterated that "Mr. Purviance is no longer Plaintiffs' counsel and is, likewise, withdrawn from the case." *See* Court's Resp. to Opp. to Mot. to Withdraw, p. 2 (Docket No. 22). This Court also required Mr. Purviance "to provide Plaintiffs' current counsel, Mr. Overson, with the complete file in this action . . . ." *See id.* Finally, this Court indicated that Defendants' Motion to Compel (and request for sanctions) "will be taken up in the orderly course of the Court's business; until that time, no ruling will be made on either the availability of sanctions or to whom such sanctions are directed." *See id.*

**MEMORANDUM DECISION AND ORDER - 2**

the discovery process and have provided answers to the interrogatories and response to the requests for production that are the subject of the Defendants' [M]otion to [C]ompel and for sanctions.").

On December 18, 2009, Defendants submitted a Reply in support of their Motion to Compel. *See* Resp. to Opp. to Mot. to Compel (Docket No. 27). From Defendants' Reply, it appears undisputed that Plaintiffs have now adequately responded to Defendants' First Set of Interrogatories and Request for Production of Documents. *See id.*[2] Yet, Defendants still seek the dismissal of the action and sanctions, arguing:

> The fact of the matter is that the "he said/she said" that is going on between Mr. Purviance and the Plaintiffs is simply irrelevant to the Defendants' Motion to Compel . . . . Along with asking the Court to dismiss this case, the Defendants have asked the Court to impose sanctions against the Plaintiffs and/or Mr. Purviance. The allegations made by Plaintiffs and their current attorney, Darwin Overson . . ., against Mr. Purviance simply cement the appropriateness of the Defendants' request for sanctions, whether those sanctions be imposed against Plaintiffs or Mr. Purviance.

*See id.* at p. 2.

On December 28, 2009, Mr. Purviance submitted an affidavit, responding to Defendants' Motion to Compel. *See* Resp. to Mot. to Compel (Docket No. 28). Within the affidavit, Mr. Purviance contends that:

- In late summer and early fall, his medical condition deteriorated. *See id.* at pp. 1-2 ("That on July 8, 2009 I underwent a series of emergency surgeries at Kootenai County Medical Center for a gangrenous and infected gallbladder that had literally exploded. My

---

[2] Defendants' subsequent Reply to Larry Purviance's Response in Opposition to Defendants' Motion to Compel and Impose Sanctions (Docket No. 32) confirms as much, stating: "Since the filing of Defendants' Motion, Plaintiffs have responded to Defendants' Discovery Requests, leaving only the issue of sanctions before the Court." *See* Defs.' Reply to Purviance Resp., p. 2 (Docket No. 32).

**MEMORANDUM DECISION AND ORDER - 3**

>   condition prior to the surgeries was deemed to be "life-threatening" by my treating surgeon, Dr. Stackow of Post Falls, Idaho. Between that date and September 15, 2009, I underwent a total of four (4) major surgeries and had numerous blood transfusions for the extremely severe blood loss.").

- Defendants' counsel was aware of Mr. Purviance's medical condition and the breakdown in the attorney/client relationship between Mr. Purviance and Plaintiffs. *See id.* at p. 2 ("At all times during this period of time, Defense Counsel Shawn Mumford and Peter Erblund were given very specific and detailed descriptions of my severely degraded medical and physical condition, and were asked specifically to continue the scheduled deposition in the above-entitled matter due to my medical emergency and the conflict of interest and complete breakdown in communication that had occurred with the Plaintiffs.").

- Plaintiffs were aware of Mr. Purviance's desire to withdraw from the action and of Defendants' discovery requests. *See id.* at p. 3 ("That the Plaintiffs were also told and well knew no later than July 1, 2009 that I was going to withdraw from this Federal case and was told to find substitute counsel. Mr. Conachen or his new attorney was also given several opportunities in writing to retrieve his files prior to my withdrawal from the above-captioned case, but refused to do so. . . . That the Defendants' discovery requests, notice of deposition and threats of sanctions were immediately forwarded to the Plaintiffs upon receipt at the only email address I had, and were returned because the Plaintiffs had not updated their email address as they had promised. Mr. Conachen refused to take phone calls and instructed me to quit calling him, which ultimately was the catalyst for the withdrawal from the civil case in Boundary County.").

- Plaintiffs were unable to be reached to discuss discovery and the status of deposition notices. *See id.* ("After the court granted the Motion [to Withdraw], I received an email from Plaintiff Beverly Conachen indicating that she had not received the Motion or any of the previous documents sent to that address because she no longer worked there.").

It should be noted that Mr. Purviance's position on many of these issues are disputed by

Plaintiffs (*see, e.g.,* Aff. of Beverly Conachen (Docket No. 23); *see also See* Defs.' Reply to

**MEMORANDUM DECISION AND ORDER - 4**

Purviance Resp. (Docket No. 32)).  What is clear to the Court, however, is that the relationship between Mr. Purviance and Plaintiffs was fractured to the point that neither Mr. Purviance nor Plaintiffs wished to maintain any attorney/client relationship.

## DISCUSSION

As a preliminary matter, the Court will not dismiss this action based upon the alleged delinquency; such a sanction is too extreme under the facts presented here in the record. Therefore, the issue now before the Court is whether sanctions are warranted as a result of the delinquent responses and, if so, against whom - Plaintiffs or Mr. Purviance.

The Court is not inclined to impose sanctions at this time, reserving, instead, such penalties only for those situations with truly egregious situations.  It is true that Mr. Purviance could have been more diligent in withdrawing from this action - particularly when his relationship with Plaintiffs appeared to break down well before the at-issue Motion to Compel. Moreover, in hindsight, Mr. Purviance should have been more active and involved with Defendants' counsel when addressing Defendants' outstanding discovery requests.  Still, the exceptional circumstances relating to Mr. Purviance's health and attendant surgeries, is enough to obtain a benefit that otherwise attenuates any doubt related to Mr. Purviance's clear lapses in attentiveness.

The Court recognizes that its decision not to impose sanctions does little to reimburse Defendants' counsel for its time and expense.  Still, in reality, Defendants' counsel's efforts were not wasted.  In addition to having their discovery responses answered, it would seem that, as a result of their Motion to Compel, Defendants' counsel has now re-established a practical

**MEMORANDUM DECISION AND ORDER - 5**

working relationship with Plaintiffs' new counsel - one that, unfortunately, did not exist effectively prior to Mr. Purviance's withdrawal.[3]

Having said all this, the Court will not foreclose the future availability of sanctions against Plaintiffs (or any party for that matter) for repeated discovery abuses or, generally, obstructionist behavior. In the meantime, it is the Court's hope that all parties and their counsel can now proceed with working toward a more orderly and appropriate airing of the underlying dispute, in more irenic circumstances.

## ORDER

Based upon the FOREGOING, it is HEREBY ORDERED that Defendants' Motion to Compel Discovery and to Impose Sanctions (Docket No. 17) is DENIED, with all parties to assume their own costs/fees.



DATED: **February 16, 2010**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[3] Originally, the Court considered reimbursing Defendants' counsel the expenses related to Plaintiffs' failure to attend their September 30, 2009 depositions. However, in addition to the reasons stated above, the Court notes the Defendants' counsel *originally* agreed to vacate the depositions. *See* 9/16/09 e-mail from Mumford to Purviance, attached as Ex. D to Mumford Aff. (Docket No. 17, Att. 2) ("I realize that this morning I stated that I would vacate the depositions; however, after much consideration, I believe it is important to keep the depositions scheduled as they are to either: (1) get their sworn statements; or (2) to get a record of their failure to appear at their depositions."). Further, to date, it appears that Plaintiffs' depositions have still not been taken. *See* Opp. to Mot. to Compel, p. 4 (Docket No. 26) ("Plaintiffs . . . are willing to make themselves available for their testimony to be taken by the Defendants' attorneys by way of deposition."). These costs will therefore not be reimbursed; indeed the time spent preparing for these depositions will eventually be well-spent.

**MEMORANDUM DECISION AND ORDER - 6**